FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

*Apr 29, 2016*

SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, | ) ) ) ) | Civil No. 14-00532 SOM/KJM |
| Plaintiff, | ) ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT/COUNTERCLAIMANT |
| vs. | ) ) | NOLAN HANOHANO'S MOTION FOR ATTORNEYS' FEES |
| NOLAN HANOHANO, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT/COUNTERCLAIMANT NOLAN HANOHANO'S MOTION FOR ATTORNEYS' FEES

Defendant Nolan Hanohano ("Hanohano") filed a Motion for Attorneys' Fees ("Motion") on February 12, 2016. See ECF No. 47. Hanohano also filed a Statement of Consultation that same day. See ECF No. 49. On March 24, 2016, Plaintiff State Farm Fire And Casualty Company ("State Farm") filed an Opposition. See ECF No. 52. Plaintiff filed a Reply on April 8, 2016. See ECF No. 54.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions, and based on the relevant case law, the Court FINDS that Hanohano is entitled to

1

attorneys' fees, but that the amount submitted warrants reduction.  Accordingly, the

Court RECOMMENDS that Hanohano's Motion be GRANTED IN PART and

DENIED IN PART for the reasons set forth below.

BACKGROUND

On November 24, 2014, State Farm filed a Complaint ("Complaint") seeking a

Declaratory Judgment that it had no obligation to defend or indemnify Hanohano

against claims asserted in <u>Dinnan v. City and County of Honolulu, et al.</u>, Civil No.

14-00286 DKW-RLP (the "Underlying Lawsuit"), in which Hanohano is named as a

defendant.  <u>See</u> ECF No. 1.

Hanohano filed a Counterclaim for Declaratory Judgment on March 18, 2015

("Counterclaim").  <u>See</u> ECF No. 15.  State Farm filed a Motion for Summary

Judgment on its Complaint for Declaratory Judgment and Hanohano's Counterclaim

on July 28, 2015.  <u>See</u> ECF No. 29.  State Farm sought a Court declaration that it had

no obligation to defend or indemnify Hanohano in the Underlying Lawsuit.  <u>Id.</u>  On

October 20, 2015, Hanohano filed a Countermotion for Summary Judgment.  <u>See</u>

ECF No. 35.  Hanohano sought a Court declaration that State Farm was required to

defend him in the Underlying Lawsuit.  <u>Id.</u>  Hanohano also sought an award of

attorneys' fees pursuant to Hawaii Revised Statutes ("HRS") section 431:10-242.  <u>Id.</u>

On January 25, 2016, the Court issued an Order Granting in Part and Denying

in Part: (1) State Farm's Motion for Summary Judgment and (2) Hanohano's

Countermotion for Summary Judgment ("Order"), wherein the Court held that State Farm (i) had a duty to defend Hanohano in the Underlying Lawsuit, but (ii) was not required to indemnify Hanohano for any punitive damages in the Underlying Lawsuit.  <u>See</u> ECF. No. 46.  The Court denied without prejudice Hanohano's request for attorneys' fees, deferring any ruling pending the submission of an attorney's fees motion complying with Local Rule 54.3.  <u>Id.</u>  The Court set a filing deadline of February 12, 2016, ruling that it would enter judgment following resolution of the attorney's fees issue.  <u>Id.</u>

DISCUSSION

The two primary issues before the court are: (1) whether Hanohano is entitled to attorneys' fees prior to the resolution of the Underlying Lawsuit; and (2) whether the amount of requested attorneys' fees is reasonable.

To determine whether Hanohano is entitled to fees, the Court must analyze whether an order that State Farm has a duty to defend amounts to an order to pay benefits under HRS section 431:10-242; whether the outstanding indemnity determination prevents resolution of the current fee dispute; and whether the federal or local rules prevent a court from ruling on attorney's fees prior to an entry of final judgment.  Finally, in considering whether the total fees requested are reasonable, the Court must assess the relevant factors against the figure that results from multiplying the requested hourly rate by the total hours billed.

I.   <u>Hanohano is Entitled to an Award of Reasonable Attorneys' Fees</u>

Hanohano seeks $57,249.19 in attorneys' fees pursuant to HRS section 431:10-242.  That provision states that "where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder . . . shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy."  State Farm argues that Hanohano's Motion is premature and not ripe for review because: (1) the Court has not yet entered judgment in this case; and (2) the Order did not resolve the question of whether State Farm has a duty to indemnify Hanohano for the claims asserted in the Underlying Lawsuit.  For the reasons set forth below, this Court finds that Hanohano's request is ripe for review and that Hanohano is entitled to an award of reasonable attorneys' fees under HRS section 431:10-242.

A.  <u>An Order to Defend Amounts to an Order to Pay Benefits under HRS section 431:10-242</u>

This is a diversity action.  <u>See</u> ECF No. 1.  Federal courts entertaining state diversity actions are required to interpret and apply governing state law, including statutes.  <u>Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).  With respect to the payment of attorney's fees, Hawaii courts follow the "American Rule" which provides that, in the absence of a contract

or statute, each party is responsible for paying his or her attorney's fees.  Schefke v. Reliable Collection Agency, Ltd., 96 Haw. 408, 444, 32 P.3d 52, 88 (2001).  Because HRS section 431:10-242 expressly provides for the award of attorney's fees in contested insurance coverage cases, that statute controls here.  Thus, as a threshold matter, this Court must determine whether the order that State Farm must defend Hanohano in the Underlying Lawsuit amounts to an order "to pay benefits" requiring an award of reasonable attorney's fees under the statute.

The Hawaii Supreme Court in Commerce & Indus. Ins. Co. v. Bank of Hawaii, 73 Haw. 322, 328, 832 P.2d 733, 737 (1992) interpreted HRS section 431:10-242 as requiring an insurer to pay its insured's reasonable attorney's fees and costs after the insurer unsuccessfully contested its duty to defend.  In affirming the Circuit Court's judgment in favor of the insured, the Hawaii Supreme Court held that because the insurer contested its duty to defend and lost, the insured "was also entitled to reasonable attorney's fees and costs" under HRS section 431:10-242.  Commerce, 73 Haw. at 329, 832 P. 2d at 737; see also, Allstate Ins. Co. v. Leong, No. Civ. 09-00217 SOM/KSC, 2010 WL 3210753, at *2 (D. Haw. Aug. 13, 2010) (noting that when a trial court orders an insurer to continue to pay the costs of defending an insured in a suit, the trial court is ordering the insurer to pay policy benefits).  Insofar as the Court ordered that State Farm has a duty to defend Hanohano against all claims in the

Underlying Lawsuit, HRS section 431:10-242 entitles Hanohano to recover reasonable attorney's fees.

> B. <u>The Outstanding Indemnity Determination Does Not Prevent Resolution of the Motion</u>

This Court disagrees with State Farm's claim that the Motion is premature because the issue of indemnity is still outstanding. Under the specific circumstances of this case, State Farm's reliance on <u>Gemini Ins. Co. v. Kukui`ula Development Co. (Hawaii), LLC., Inc.</u>, 2013 WL 1103338, at *1 (D. Haw. 2013) ("<u>Gemini</u>") is misplaced. In <u>Gemini</u>, the Court denied as premature a motion for attorney's fees and costs where the underlying suits were fully settled and summary judgment was scheduled on the only remaining issue of indemnity. <u>Id.</u> The Court emphasized both the pending adjudication on indemnity, and Local Rule 54.3(a), in finding the motion premature. <u>Id.</u> Here, by contrast, the Underlying Lawsuit has not yet been resolved and is not set for trial until December 5, 2016. <u>See Dinnan v. Hanohano</u>, CV 14-00286 DKW-RLP (ECF. No. 46); <u>see also</u>, Reply Mem. in Supp. of Hanohano's Mot., at 3 (April 8, 2016) (ECF. No. 54). Consequently, unlike <u>Gemini</u>, where there was no more factual development necessary for the Court to resolve the insurer's duty to indemnify, here the issue of indemnity cannot be decided until judgment is finally entered in the Underlying Lawsuit. With trial of the Underlying Lawsuit so far off (not including appeals), the potential for delay in resolving this Motion is far

greater than in <u>Gemini</u>.  The Court is persuaded that this matter is closer to the situation in <u>Weight v. USAA Cas. Ins. Co.</u>, 782 F. Supp. 2d 1114 (D. Haw. 2011), cited by Hanohano in his Reply.  <u>See</u> ECF No. 54 at 4.  In <u>Weight</u>, as with the present case, the Court found a duty to defend and awarded attorney's fees while declining at that time to rule on indemnity because the parties were still in the process of developing the underlying claim.  <u>Weight</u>, 732 F. Supp. 2d at 1131.  In granting the fee motion before the indemnity issue had been resolved, the Court recognized that an order establishing a duty to defend alone warranted an award of fees under HRS section 431:10-242.  <u>Id.</u>

But perhaps even more important in setting this case apart from <u>Gemini</u>, and in establishing the ripeness of the issue under the Federal Rules of Civil Procedure and the Local Rules, is that the Court specifically ordered Hanohano to file an attorney's fees motion before judgment, setting a firm filing deadline of February 12, 2016.  ECF No. 46 at 27.  The Court is authorized to rule on the Motion now by Federal Rule 54(d)(2)(B)(i), which directs the filing of a motion for attorney's fees following an entry of judgment "*unless a statute or a court order provides otherwise.*" (emphasis added).  Local Rule 54.3 provides the same authority, containing language that substantially mirrors the federal rule.  As a result of this Court's order to file the Motion before entry of judgment, the Motion is proper.  ECF No. 46.

II.    Calculation of Attorney's Fees

Having determined that Hanohano is entitled to attorney's fees, the Court now turns to the question of whether the total fees requested are reasonable.  Hawaii courts calculate the reasonableness of attorney's fees based on a method that considers both the rate and the cumulative time spent.  This method is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  DFS Grp. L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (2006).  Based on the lodestar method, courts arrive at reasonable fees by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Hawaii courts undertake an analysis of the above calculation by considering the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Hawai`i, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005).

Hanohano requests the following attorneys' fees for work performed by his attorneys, Mr. Van Etten, Mr. Loeser, Mr. Andres:

| __Attorney__ | __Hours__ | __Rate__ | __Total__ |
|---|---|---|---|
| Alan Van Etten | 28 | $350.00 | $9,800.00 |
| Aaron Loeser | 208.5 | $175.00 | $36,487.50 |
| Tristan Andres | 54.1 | $155.00 | $8,385.50 |
| __Tax (4.712%__ | | | $2,576.19 |
| __TOTAL__ | | | __$57,249.19__ |

Applying the above-stated method of calculation and the relevant factors to the fees requested in this case, the Court finds that while the hourly rates are reasonable, the time submitted warrants a reduction.

A. The Reasonableness of the Hourly Rates

Hanohano requests an hourly rate of $350.00 for Mr. Van Etten, $175.00 for Mr. Loeser, and $155.00 for Mr. Andres.   In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community.  Id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee

applicant to produce satisfactory evidence, in addition to an affidavit from the fee

applicant, demonstrating that the requested hourly rate reflects prevailing community

rates for similar services.  <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th

Cir. 1987).

 In support of the requested hourly rates, Hanohono submits the following: (1)

Mr. Van Etten has been a member of the Hawaii Bar since 1973 and is a highly-

respected figure in the field of insurance law; (2) Mr. Loeser was admitted to practice

in 2011 and has considerable experience in insurance coverage litigation; and (3) Mr.

Andres has been a member of the Hawaii Bar since 2013 and has worked extensively

on insurance matters since being admitted to practice.  ECF No. 47 at 10-16.

 This Court finds that the requested hourly rates for Mr. Van Etten, Mr. Loeser,

and Mr. Andres, which State Farm does not contest, are consistent with prevailing

rates in the community for similar services performed by attorneys of comparable

experience, skill, and reputation.  Because the fees are in accord with the

community's prevailing rates and of those generally granted by the Court, and

considering that State Farm does not dispute the propriety of the rates, this Court

finds that Mr. Van Etten's $350.00 hourly rate, Mr. Loeser's $175.00 hourly rate, and

Mr. Andres's $155.00 hourly rate are reasonable.


  B. <u>The Reasonableness of the Total Hours Submitted</u>

In determining the reasonableness of the expended hours, the Court is tasked with addressing the appropriateness of the total hours submitted, as well as addressing State Farm's additional challenge to the payment of any fees associated with work ostensibly undertaken beyond the cross motions for summary judgment on the duty to defend, such as pleadings, research, and case development.

1.  The compensable fees must include reasonable hours for all tasks

State Farm first argues that the Court should only consider fees incurred in connection with the parties' cross motions for summary judgment associated with State Farm's duty to defend because "Hanohano cannot fairly be described as the 'prevailing party' with respect to anything but . . . State Farm's duty to defend."  ECF No. 52.  The Court disagrees with State Farm's claim that its fee exposure should be limited to the cross motions for summary judgment.  The time spent on the motions cannot be viewed in isolation.  Rather, counsel's efforts on the cross motions were inextricably intertwined with counsel's case development and investigation, pleadings practice, and discovery.  All of these tasks were necessitated by, and taken in response to, State Farm's Complaint which sought a Court declaration that State Farm had no duty to defend Hanohano in the Underlying Lawsuit.  Hanohano was required to fully investigate, gather, and present facts supportive of a covered cause of action, including responding to State Farm's Complaint and filing his own Counterclaim seeking relief on the same question.  As a result, the Court finds that

Hanohano should be awarded fees for all reasonable time submitted in litigating that claim.

Having determined that the fees cannot be limited to the cross motions for summary judgment, the Court nonetheless finds that the total fees submitted warrant a reduction.  Hanohano represents that his attorneys spent 290.60 hours litigating this action.  After careful review of his billing summary, for the reasons set forth below, the Court finds that a portion of the time claimed is reasonable and a portion of the time is either excessive or unsupported, and will, therefore be uncompensable.

a.  Reasonably Expended Hours

The Court finds that the 19.9 hours expended on case development and investigation and written discovery is reasonable.  See ECF No. 54 at 7-10.  Because the Court resolved above State Farm's objection to awarding fees for time spent that was not solely related to cross motions on State Farm's duty to defend, the Court limits its inquiry to the reasonableness of the total hours submitted, which the Court accepts with limited modifications, discussed more fully in section "b" below.

State Farm also argues that Hanohano should not be awarded fees for written discovery because the Court based its decision on the parties' cross motions for summary judgment without reliance on any discovery responses.  The reasonableness of fees, however, is not dependent upon the ultimate use of such discovery.  That Hanohano prevailed without making use of the fruits of discovery does not obviate

the associated time expenditure or render the discovery-related charge non-compensable.  The test is not whether the product resulting from the effort is ever ultimately used in pleadings, but rather whether the expenditure of time is reasonable.  See Dennis v. Chang, 611 F.2d 1302, 1308 (9th Cir. 1980).  Hanohano sent one round of discovery to State Farm to determine to what extent, if any, State Farm had investigated the Underlying Lawsuit and to discover what facts it had uncovered.  ECF No. 54.  This targeted discovery is reasonable.  Accordingly, the Court finds that the 10.6 hours Hanohano spent on one round of written discovery is reasonable under the circumstances.

### b.  Unreasonable and Excessive Hours

Hanohano requests 38.4 hours in the pleadings category and 215.20 hours in the motions category.  ECF No. 47-2 at 15, 24.  State Farm argues that fees for certain tasks associated with preparing the motions warrant a reduction because certain time entries are duplicative and redundant.  The Court agrees with State Farm's position.  Equally, the Court must reduce a portion of the block billing entries that fail to distinguish and define the appropriation of effort among tasks.

In undertaking an analysis of the hours claimed, the Court is guided by its primary objective to guard against an award that is excessive, and it does so by determining which fees and costs may have been self-imposed and avoidable.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 637 (D. Haw. 1993)

(citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987),

cert. denied, 484 U.S. 927 (1987)).  To this end, courts are empowered to use their

discretion to "'trim fat' from, or otherwise reduce, the number of hours claimed to

have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060

(S.D.N.Y. 1992) (citation omitted).  Accordingly, courts must deny compensation for

time expended on work deemed "excessive, redundant , or otherwise unnecessary."

See Gates, 987 F. 2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Local Rule 54.3(d)(2) also requires that "legal entries for legal research must

include an identification of the specific issue researched and . . . entries describing

the preparation of pleadings and other papers must include an identification of the

pleading or other document prepared and the activities associated with such

preparation."  L.R. 54.3 also provides the Court with the authority to reduce an award

of attorney's fees for inadequate descriptions of the services rendered.

In reviewing Hanohano's pleadings, motions, and time entries, the Court finds

that Hanohano should have required fewer hours to prepare the Answer,

Counterclaim, the summary judgment motions and the attorney's fees application.

The law is well settled in this particular area, and the issues presented by the

pleadings and motions were not novel or particularly difficult.  In addition, many

entries are not sufficient to explain excessiveness of the time spent.  For example,

several entries recorded by Mr. Loeser and Mr. Andres simply state "Draft Answer

and Counterclaim", "Draft Counter Motion for Summary Judgment", "Draft Memo in Opposition to Motion for Summary Judgment", and "Draft Reply to Motion for Summary Judgment."  These repetitive entries for these fees do not sufficiently describe why the services required such excessive time.

Because the time appears excessive and the entries do not sufficiently explain the reasoning for such excessive time, pursuant to LR 54.3(d)(2) the Court recommends that the duplicative, excessive time entries in the pleadings and motions categories be reduced by 20%.[1]  Based on this calculation, Mr. Loeser's fee request should be reduced by 36.38 hours, and Mr. Andres's hours should be reduced by 1.16.  In addition, the Court also finds the 5 hours Mr. Andres spent "reviewing the notice pleading standard in federal court" on October 13, 2015, excessive, and recommends that these hours be reduced by half.  See ECF No. 47 at 19.

Hanohano's use of block billing is also unreasonable and warrants a reduction. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Hawai`i Ventures, LLC v. Otaka,

---

[1] Mr. Loeser's entries that do not justify the time spent: 1/2/15, 1/6/15, 1/7/15, 1/9/15, 1/20/15, 1/29/15, 1/30/15, 2/3/15, 2/4/15, 2/5/15, 2/10/15, 2/11/15, 10/6/15, 10/7/15, 10/8/15, 10/9/15, 10/12/15, 10/13/15, 10/14/15, 10/15/15, 10/16/15, 10/17/15, 10/19/15, 10/20/15, 11/25/15, 11/30/15, 12/1/15, 12/2/15, 12/3/15, 12/4/15, 12/7/15, 12/8/15, 12/9/15, 12/10/15, 2/1/16, 2/2/16, 2/3/16, 2/4/16, 2/5/16, 2/10/16, 2/11/16, and 2/12/16.  Mr. Andres's that do not justify the time spent: 12/29/14, 12/30/14, and 10/15 /15.

Inc., 116 Haw. 465, 475, 173 P.3d 1122, 1132 (2007).  The block billed entries generally fail to specify a breakdown of the time spent on each task.

District Courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007); see also Hensley, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims").  Counsel's use of block billing makes it difficult if not impossible, for the Court to assess the reasonableness of the hours expended as to those entries.  See e.g., Mr. Andres's 12/23/14, 2/3/15, 2/5/15, 10/6/15, 10/9/15, 10/14/15, 10/19/15, 10/20/15, 11/25/15, 12/1/15 entries; Mr. Van Etten's 3/12/15, 7/11/15, 8/11/15, 8/12/15, 10/22/15, 10/27/15, 12/1/15, 12/2/15, 1/19/16, 1/25/16, 2/11/16 entries.  Hence, the Court finds it appropriate to impose an across-the-board reduction of 20% for the entries that are in the "block billing" format.  See e.g., Gonzales v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing Welch, 480 F. 3d at 948 (affirming 20% cut to hours where fee applicant block billed); Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., No. CV 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%).  The Court emphasizes that its proposed reduction applies only to the block billed entries; the 20% reduction does not apply to all hours.  Entries which

were both block billed and inadequately described, were only reduced by 20%.  Mr.

Andres billed 20.3 hours and Mr. Van Etten billed 11.1 hours in the block format.

Applying the 20% reduction, the Court recommends that Mr. Andres's hours be

reduced by 4.06 hours and Mr. Van Etten's be reduced by 2.22 hours for block

billing.

     C. <u>Total Fee Award</u>

     Based on the foregoing, the Court recommends a total fee award of:

$48,516.11:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| **Alan Van Etten** | 25.78[2] | $350.00 | $9,023.00 |
| **Aaron Loeser** | 172.12[3] | $175.00 | $30,121.00 |
| **Tristan Andres** | 46.38[4] | $155.00 | $7,188.90 |
| **<u>Tax 4.712%</u>** | | | $2,183.21 |
| **<u>TOTAL</u>** | | | **$48,516.11** |

[2] Mr. Van Etten billed 28 hours.  The court reduced 2.22 hours for block billing.
[3] Mr. Loeser billed 208.5 hours.  The Court reduced 36.38 hours for excessiveness.
[4] Mr. Andres billed 54.1 hours.  The Court reduced 3.66 hours for excessiveness (1.16 hours for duplicative entries and 2.5 hours for 10/13/15 entry) and 4.06 hours for block billing.

CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that

Defendant Hanohano's Motion for Attorneys' Fees, filed February 12, 2016, be

GRANTED IN PART AND DENIED IN PART.  The Court recommends that the

District Court reduce Mr. Van Etten's hours from 28 to 25.78, Mr. Loeser's hours

from 208.5 to 172.12, and Mr. Andres's hours from 54.1 to 46.38.  The Court

recommends that the District Court award Hanohano $48,516.11 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 29, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

State Farm Fire and Casualty Company v. Nolan Hanohano; Civil No. 14-00532
SOM-KJM; Findings And Recommendation That Defendant/Counterclaimant Nolan
Hanohano's Motion For Attorneys' Fees Be Granted In Part And Denied In Part.